09-05-2013  01:38pm  From-STANLEY C BENDER          7403591848          T-173  P.002  F-342

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRINA BENDER, et al., | CIVIL ACTION NO. 1:12-CV-00956 |
| Plaintiffs, | Judge Sandra S. Beckwith<br>(Magistrate Judge Stephanie K. Bowman) |
| vs. | PROTECTIVE ORDER |
| JULIE A. LOGAN, et al., | |
| Defendants. | |

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and applicable to the named parties to this action, including any named party added or joined in this action (each a "Party" and collectively the "Parties").

IT IS HEREBY ORDERED:

1. The purpose of this Order is to limit the distribution and disclosures of the following categories of information disclosed during the course of the above-captioned case (the "Litigation"), which are confidential and not available in the public domain ("Confidential Information."):

> (a) Proprietary information;
> (b) Financial, business or personal information pertaining to the Parties and documents that contain such information; and
> (c) Financial, business, or personal information pertaining to current or former employees of a Party.

2. Any document, interrogatory responses and exhibits thereto, and any copies of the above which contain Confidential Information may be designated by the producing Party as "Confidential" by prominently printing, stamping or writing the word "Confidential" on the document, interrogatory response or exhibit prior to its delivery by the producing Party, or by so designating the same as "Confidential" in a letter to opposing counsel within a reasonable time

after such production. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Order. At the request of either Party, any portion of deposition testimony of any person, and any exhibits relating to such testimony which contain Confidential Information shall be designated as "Confidential" and separately identified as "Confidential" in the deposition transcript. Any document, interrogatory response, deposition testimony, transcript or exhibit designated as Confidential in accordance with the provisions of this Paragraph 2 (all of the foregoing collectively referred to as "Confidential Material") shall be subject to the terms of this Order.

3. Unless otherwise agreed by the Parties in writing or ordered by the court, Confidential Material shall not be disclosed directly or indirectly by the person to whom such material is produced to anyone other than the following persons:

   (a) Counsel for the Parties to this action, officers, directors, and agents for the Parties, and employees and agents of counsel for the Parties engaged in this litigation, provided, however, that counsel are responsible for ensuring that their employees and agents do not violate the terms of this Order;
   (b) Employees of any Party involved in the litigation;
   (c) Any person or persons retained as consultants or experts by any Party solely for the purposes of this Litigation, and principals and employees of the firms with which consultants or experts are associated, provided that the person has signed the acknowledgement attached hereto as Exhibit A before any disclosure is made; and
   (d) Any other person not specified above whose testimony is given at a deposition in this action or who is called as a witness at any court proceeding or trial of this action, to the extent said person has a need for access to the Confidential Material in order to testify, provided that the person has signed the acknowledgement, attached hereto as Exhibit A before any disclosure is made unless otherwise ordered by the Court.

4. If a third party wants to designate anything as "Confidential" then it may do so pursuant to the terms and provisions of this Order.

5. A Party may, in good faith, object to the designation of any document or specific information as Confidential Material by stating its objection in writing, and specifying (by Bates

2

numbers if available) the document or information being challenged (or, where appropriate, by reasonably-defined categories of documents or information challenged) with a statement of the legal or factual basis for each objection, to the Party or third party making the designation. A party wishing to challenge the Confidential Material designation of any document or information shall make a good faith effort to resolve the dispute with counsel for the Party or third party so designating the document or information as Confidential Material. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether or not such document is Confidential Material. The Party seeking confidential treatment of any document always retains the burden of proof as to whether or not such document is Confidential Material. Pending a final ruling by the Court on a motion for relief from this Order, the initial designation and the terms of this Order shall remain in effect.

6. When there is a disclosure of Confidential Material to someone in paragraphs 3(c) and 3(d), counsel for the disclosing party shall retains copies of the executed acknowledgment in its files.

7. Any witness who refuses to sign the acknowledgment, as specified in Paragraph 3, above, may not be questioned at a deposition regarding Confidential Material absent the agreement of the Party producing the Confidential Material, but such deposition may be adjourned so that relief from this Order may be sought. To the extent that a Party knows that a testifying witness, whether in a deposition or a hearing, will not sign the acknowledgment before the date that the witness is expected to testify, that Party will provide the other Party with reasonable notice of not less than five business days and will endeavor to obtain the Court's resolution of the issue in the intervening period. If the Party deems, less than five business days

3

03-05-2013  01:37pm  From-STANLEY C BENDER         7403531649         T-173  P.005/008  F-942

before testifying, the witness will not sign the acknowledgment then that Party shall provide such notice immediately upon learning that the witness will not sign the acknowledgment.

8. Persons receiving Confidential Material shall use such material only for the purposes of the prosecution and/or defense of this action and for any appeal thereof, and for no other purpose, and no person receiving any Confidential Material shall disclose such material to any person other than those described in Paragraph 3 herein.

9. In the event of accidental or inadvertent disclosure of another Party's Confidential Material, other than in a manner authorized by this Order, counsel for the Party responsible for the inadvertent disclosure shall immediately notify counsel for the disclosing Party of all the pertinent facts and make every effort to further prevent unauthorized disclosure, including (i) retrieving all copies of the Confidential Material from the recipient(s) thereof and (ii) securing the agreement of the recipient(s) not to disseminate the Confidential Material in any form. Compliance with the foregoing shall not prevent the disclosing Party from seeking further relief from the Court.

10. In the event that a party subject to this Order shall be dismissed from the case for any reason prior to the complete disposition of this case before this Court, that party may seek the return of any documents produced in this matter and shall either return any documents it received from other parties or represent to the other parties that it has destroyed any such documents received.

11. The final disposition of this action shall not relieve any person who has received Confidential Material pursuant to this Order from the obligation of maintaining the confidentiality of such material and the information in accordance with the terms of this Order.

4

The Court shall retain jurisdiction after such final disposition for purposes of any application to enforce the terms of this Order.

12. Should any person bound by this Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material in any form, such persons shall provide written notice of the subpoena, civil investigative demand, or other process from a third party requiring disclosure to all parties subject to this Order a minimum of ten business days prior to the date by which disclosure is required, unless a shorter time period for disclosure is required under the subpoena, civil investigative demand, or other process from a third party in which case such Party will provide notice as promptly as possible. No person bound hereby who receives a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions herein and is expressly consented to by the Party having produced or supplied the Confidential Material as the case may be.

13. Nothing in this Order shall prevent the Parties from agreeing to a separate protective order for Confidential Material which requires, in the judgment of the producing Party, additional protection.

14. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Litigation or in any other proceeding.

15. Nothing in this Protective Order in any manner defines, expands or restricts the appropriate scope, nature, or extent of discovery in this Litigation.

5

03-05-2013  01:37pm  From-STANLEY C BENDER          7408581049         T-173  P.007/008  F-342

16. This Order shall be binding on all Parties to this action, their officers, employees, agents, trustees, executors and respective counsel.

17. This Order shall operate as a binding agreement between and among the Parties.

18. This Order shall have no evidentiary value and shall not be admissible into evidence, except in an action to enforce this Order or for a breach of its terms.

IT IS SO ORDERED.

*(signature)*
Magistrate Judge Stephanie K. Bowman

Dates: March 11, 2013

AGREED TO IN FORM AND SUBSTANCE:

*(signature)*
James R. Cummins

*(signature)* 3/4/13
Stanley Bender

6

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the Protective Order (hereinafter "Protective Order") concerning discovery and use of Confidential Material in the case of *Trina L. Bender, et al., vs. Julie A. Logan, et al.*, a copy of which I possess, and agree to be bound by all terms of said Protective Order and hereby covenant not to use or disclose the Confidential Material to be disclosed to me except pursuant to said Protective Order. I understand that the terms "Confidential Material" has the meanings provided in said Protective Order. I further understand and consent to the jurisdiction of the United States District Court for the Southern District of Ohio with respect to any proceeding relating to enforcement of the Protective Order, including without limitation any proceeding for contempt.

Dated this _____ day of _____, 2013.

_____
Name Printed

_____
Signature

_____
Home Address

_____
City, State, Zip Code

_____
Home Telephone Number

_____
Work Telephone Number

7

## CERTIFICATE OF SERVICE

I certify that on March 8, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF, via electronic mail.

/s/ James R. Cummins
James R. Cummins (0000861)

36812