UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRINA L. BENDER, et al.,

      Plaintiffs,

v.

JULIE LOGAN., et al.,

      Defendants.

Case No. 1:12-cv-956

Beckwith, J.
Bowman, M.J.

**MEMORANDUM ORDER**

This case has been referred to the undersigned magistrate judge for certain pretrial matters, including resolution of any discovery disputes. On May 17, 2013, Defendants filed a motion to compel Plaintiffs to produce tax returns.[1] On May 30, 2013, Plaintiffs' counsel transmitted to chambers a request for a telephonic conference, pursuant to LR 37.1, in order to resolve a second discovery dispute concerning access to Defendant Scott Logan's personal computer. The latter issue arose when, during Dr. Logan's deposition, he admitted to deleting relevant information from his computer following the commencement of this litigation.

In addition to the pending discovery disputes, Plaintiffs have moved for leave to amend their complaint. Defendants do not oppose the amendment.

---

[1] In filing the motion of record, the Defendants disregarded both the Civil Procedures of the undersigned, which explicitly require parties to contact chambers prior to filing any discovery-related motion, and LR 37.1. While the Court has ruled on the motion in this order, should either party prematurely file another discovery motion without leave of court, the Court is likely to summarily deny it without consideration of its merits.

1

Having reviewed submissions by the parties which, pursuant to the Court's direction, have not been filed of record, and having heard the oral arguments of counsel during a telephonic conference held on Friday, May 31, 2013, **IT IS ORDERED**:

1. Defendants' motion to compel (Doc. 15) is **GRANTED**, subject to Defendant Scott Logan producing his corresponding tax returns;

2. Plaintiffs' oral motion to compel Defendant Scott Logan to permit Plaintiffs' computer expert to obtain a mirror image or copy of the hard drive of Defendant's personal computer is likewise **GRANTED**, subject to the following conditions:

   a. Based on the representation of counsel, HIPPA-protected confidential medical records are contained on the computer. To the extent practicable, Plaintiffs' expert will avoid reviewing those files, which clearly are not relevant to the instant litigation. If preliminary review is required of HIPPA protected information, such review shall be conducted in such a manner that the HIPPA files are not retained in any permanent form by Plaintiffs or their agents. However, the mere possibility of inadvertent disclosure is not grounds for Defendants to refuse to comply with this Order;

   b. Plaintiffs will require their expert, and anyone else with access to the referenced computer hard drive, to execute a Data Confidentiality Agreement;

   c. Plaintiffs will coordinate with Defendants so that Defendants' expert may be present to the extent practicable for the review and reconstruction/retrieval of previously deleted data. Notwithstanding the necessity of a broader preliminary search given the admitted deletion of relevant files, the

Court anticipates that only responsive and relevant information ultimately will be retained by Plaintiffs for purposes of use in this litigation;

3. Earlier compliance with this order is anticipated, but both parties must complete their respective disclosures within thirty (30) days.

4. Plaintiff's motion to amend their complaint (Doc. 11) is **GRANTED**, with Plaintiffs to file the Amended Complaint on or before June 10th, 2013.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge