UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRINA L. BENDER, et al.,            Case No. 1:12-cv-956

    Plaintiffs,

                                              Beckwith, J.
v.                                      Bowman, M.J.

JULIE LOGAN., et al.,

    Defendants.

## MEMORANDUM ORDER

**I.    Background**

This case has been referred to the undersigned magistrate judge for resolution of discovery disputes. Those disputes began in earnest on May 17, 2013, when Defendants first filed a motion to compel Plaintiffs to produce tax returns.[1] On May 30, 2013, Plaintiffs' counsel alerted the undersigned, pursuant to LR 37.1, to the existence of a second discovery dispute concerning Defendant Scott Logan's personal computer. The latter issue arose when, during Dr. Logan's deposition, he testified that he deleted relevant information from his computer following the commencement of this litigation. On June 3, 2013, the undersigned granted Plaintiffs' motion to compel Defendant Scott Logan to allow a copy to be made of the hard drive of his personal computer. (Doc. 17).

---

[1] As the undersigned noted in its order resolving that motion, the filing of the motion itself was in violation of both local civil rules and the civil procedures of the undersigned, which explicitly require parties to contact chambers prior to filing any discovery-related motion, and LR 37.1. The current motion filed by Plaintiffs, by contrast, does not violate those rules since the court expressly directed Plaintiffs to file the motion by January 14, 2014 to the extent that the parties' dispute remained unresolved on that date.

Following entry of the Court's order, Plaintiffs' experts obtained and examined a copy of Dr. Logan's computer.[2]

Contrary to Dr. Logan's deposition testimony, little responsive and relevant information was discovered by the experts. Yet, the forensic computer experts were able to ascertain that the computer had been used to remotely access relevant documents, which documents appeared to be stored in the "Cloud" and were not otherwise accessible from the computer. As a result of their frustrated efforts to obtain the documents that Dr. Logan had testified he had personally deleted, Plaintiffs filed a formal motion to compel production of the missing "Elite-related documents and materials that Logan testified were on his personal computer" as well as "for an order of sanctions for his failure to produce relevant documents and for misleading Plaintiffs' counsel and this Court." (Doc. 23). Plaintiffs accused Dr. Logan of "conducting a game of 'hide and seek' to intentionally avoid producing requested and relevant documents," noting that Plaintiffs had "incurred thousands of dollars of expense on forensic experts and Plaintiffs' attorney time on Logan's intentionally created 'wild goose chase.'" (*Id.*).

On August 16, 2013, Defendant Logan, through new counsel,[3] filed a response in opposition arguing that: (1) Plaintiffs misunderstood his testimony and/or he misunderstood the deposition questions when he originally testified that he had stored and deleted data from his personal computer; (2) Defendant should not be required to pay for Plaintiffs' expenses in "confirming" what Dr. Logan intended to be conveyed by

---

[2] Plaintiffs point out that their efforts were delayed due to the representation of Dr. Bender's counsel at the time that the computer was inaccessible due to his client being out of the country on a three-week cruise, a representation that subsequently proved to be inaccurate.
[3] Although new Cincinnati counsel entered their appearance and have filed all documents on behalf of Defendants since August 2013, Defendants' original attorney remains listed as active co-counsel.

2

his prior testimony; and (3) Defendant had already produced all responsive documents in their possession and control "including any that may have been stored online," but would continue to work with Plaintiffs to produce yet-unknown relevant documents obtainable from "cloud" storage. (Doc. 27).

Defendant's response additionally argued that the information sought by Plaintiffs was "trivial[]" and essentially unimportant to produce, either because Plaintiffs should be in possession of the same information themselves (to the extent that the discovery requests included requests for emails sent by Logan to Plaintiffs), and/or because the financial projections were no more than "doodling economic projections" which were not retained after the business plan was finalized. (Doc. 27 at 2-3). Plaintiffs filed a reply memorandum on August 23, 2013, strongly contesting most of Defendant's representations, and quoting extensively from the deposition testimony that led to the original dispute and this Court's prior order. (Doc. 28). Plaintiffs further pointed out that they did not receive information concerning the existence of one critically responsive document (a business plan) until after Plaintiffs filed their motion to compel.

The Court scheduled a second telephonic hearing concerning the July 2013 motion. Prior to that hearing date, however, the parties agreed to privately mediate the underlying dispute. Therefore, on September 20, 2013, the Court vacated the telephonic hearing and instructed counsel to "advise the Court if assistance in resolving the motion is required after completion of private mediation." On December 23, 2013, based on representations of counsel and with hope that the parties might yet resolve the discovery dispute in the context of a settlement of the whole case, the undersigned denied Plaintiffs' motion to compel and for sanctions, but without prejudice to renew

should mediation prove unsuccessful. (Doc. 30). Regrettably, the parties' efforts to resolve their underlying dispute through mediation did not succeed. Trial is presently scheduled to begin on August 18, 2014 before U.S. District Judge Sandra S. Beckwith, with a final pretrial conference set for July 28, 2014.

Pursuant to the Court's order, Plaintiffs renewed their motion for sanctions on January 14, 2014. (Doc. 31). Both fact discovery and expert discovery presumably were completed pursuant to the court's prior scheduling order. (Doc. 20). In light of a looming dispositive motion deadline of February 14, 2014, the undersigned directed the parties to engage in expedited briefing of the Plaintiffs' renewed motion to compel and for sanctions.

**II.    Analysis**

In their renewed motion, Plaintiffs argue persuasively that the imposition of sanctions is warranted, pursuant to Fed. R. Civ. P. 37. Dr. Logan clearly failed to produce documents responsive to Plaintiffs' original requests. Having reviewed the transcript of his deposition, the undersigned reaffirms the Court's prior view that it was Dr. Logan's testimony that he deleted relevant documents from his home computer. That testimony caused this Court to issue the order directing Defendant Logan to permit Plaintiffs' forensic computer experts to access his computer. Defendant's testimony, as it turned out, appears to have been as imprecise and incomplete as his original document production. However, through the experts' review of the computer, they were able to confirm the existence of other Elite-related relevant and responsive documents. It was only after Plaintiffs documented the results of that forensic examination in filing the July 2013 motion to compel and for sanctions that Dr. Logan, through new counsel,

finally produced hundreds of additional pages of responsive computer-generated documents.[4]

Plaintiffs assert in their current motion that spoliation of relevant evidence has occurred; based upon Dr. Logan's prior deposition testimony that he deleted relevant documents from his home computer after the onset of this litigation. Plaintiffs argue that they have been put to great expense, by virtue of being forced to employ forensic computer experts to recover the allegedly deleted documents, even though Dr. Logan was aware at the time that the missing documents would not be found on his computer, because they were stored on a remote server and/or his computer had been intentionally "scrubbed clean." Plaintiffs seek monetary sanctions on the basis of the alleged spoliation of evidence, pursuant to Rule 37(b)(2). Plaintiffs further seek an order requiring Dr. Logan to produce, within seven (7) days, "any additional Elite-related documents and materials that have not [been] produced or [to] certify that none exist." (Doc. 31 at 11). Last, Plaintiffs seek reimbursement "of all fees and expenses incurred by Plaintiffs for their experts and their counsel and to reopen fact discovery for the limited purpose of inquiring about these late-produced documents."

Rule 37(b)(2), Fed. R. Civ. P., provides for a discretionary award of sanctions for failure to comply with a court order.[5] In addition to a list of optional sanctions, ranging from contempt of court to the entry of a default judgment, Rule 37(b)(2)(C) states that a court "must order the disobedient party, the attorney advising that party, or both to pay

---

[4] The origin of these late-discovered documents (whether from Cloud storage or a computer) remains in dispute. However, it is not necessary for the undersigned to determine the origin of the documents at this time. The salient fact is that they were not originally produced, but instead were "discovered" only after this Court granted Plaintiffs' motion to compel.

[5] The language of Rule 37(b)(2) was revised as of December 2, 2013 but the revision does not affect the court's discussion here. The language of Rule 37(a), pursuant to which a monetary sanction is awarded by this Order, was not revised.

5

the reasonable expenses…caused by the failure [to obey the court order], including attorney's fees…unless the failure was substantially justified or other circumstances make an award of expenses unjust."  The undersigned agrees that a monetary sanction is justified in this case, but concludes that the appropriate provision for such an award is Rule 37(a)(5) rather than Rule 37(b)(2).  The former provision is the more applicable because it provides for payment of expenses if a motion to compel disclosure is granted, or if discovery is provided after the filing of such a motion.

On the facts presented, Defendant Logan did not technically fail to comply with the court order compelling him to allow forensic access to his personal computer. Rather, the order directing that compelled relief was granted after Defendant made a woefully inadequate disclosure of documents in response to Plaintiffs' initial discovery requests, and admitted during his deposition that he had intentionally deleted some relevant documents.  Under circumstances in which a motion to compel has been granted, the language of Rule 37(a)(5) mirrors that of Rule 37(b)(2) in that a court "must" make an award of "reasonable expenses incurred in making the motion, including attorney's fees" unless: 1) the motion to compel was prematurely filed without attempting to resolve the dispute extrajudicially; (2) the nondisclosure was "substantially justified;" or (3) other circumstances make an award unjust.

Defendants have filed a response in which they argue that: (1) Plaintiffs should bear their own discovery costs, including that of their forensic computer experts, because Dr. Logan's testimony should have been interpreted in a manner consistent with Defendants' position that no responsive documents were likely to be found on the computer; (2) an order compelling additional production "is overbroad and

6

unwarranted," and (3) an order concerning re-opening discovery to obtain additional deposition testimony of Dr. Logan is "unnecessary." (Doc. 32 at 1).  Defendants do not deny that they produced 926 additional pages of responsive documents only after this discovery dispute was brought to the attention of the Court (twice, first during an informal telephonic hearing and later through briefing of the July 2013 motion). However, they contend that 557 pages "were documents Defendants received from Plaintiffs' [forensic computer] expert," while another 166 pages were Plaintiffs' own emails.  Defendants also assert that reopening discovery or ordering Dr. Logan to submit to a further deposition is unnecessary because: (1) Plaintiffs cannot prove that additional responsive documents exist; and (2) Dr. Logan's original deposition, along with that of two other deponents, was continued by agreement "in progress." (Doc. 32 at 2).

Defendants' arguments are unpersuasive.  As stated, the original order, which led Plaintiffs to hire forensic computer experts, was the direct result of deposition testimony in which Dr. Logan stated that he had deleted relevant documents from his personal computer after the initiation of this litigation.  Nor do Defendants dispute that Dr. Logan failed to produce hundreds of relevant documents until *after* this discovery dispute arose, and only after forensic examination of Dr. Logan's computer confirmed the existence of additional relevant documents.   That 557 out of the 926 late-produced documents were "received from Plaintiffs' expert" actually confirms rather than undermines the propriety of a monetary sanction in this case.  As Plaintiffs point out, those 557 pages were culled from the Logan computer by Plaintiffs' forensic computer expert after examination last June, as a result of this court's order directing Dr. Logan to

allow forensic access to his computer. Plaintiffs' experts provided a copy of the 557 newly culled documents to defense counsel at that time. More recently, after new defense counsel entered their appearance, Dr. Logan's new counsel included the same set of documents in the production made to Plaintiffs in September. Thus, only loosely can those documents be described as "received from Plaintiffs' expert." Clearly, their origin was the compelled search of Dr. Logan's computer.

Additionally, the undersigned cannot agree with Defendants' assertion that an order requiring Defendants to either produce "any additional Elite-related documents and materials that have not [been] produced or [to] certify that none exist," and directing Dr. Logan to submit to a further deposition at Defendants' expense, is neither warranted nor necessary. An agreement by the parties to continue a particular deposition "in progress" does not ordinarily trump the Court's calendar order requiring discovery to be completed and dispositive motions to be filed by a date certain. The deadline for completion of all discovery expired long ago, and there is no guarantee that the presiding district judge would permit the continued deposition of Dr. Logan so long after that deadline, merely by agreement. Moreover, the type of gamesmanship that has been demonstrated by Dr. Logan in this case supports the imposition of an order that would afford Plaintiffs an additional measure of certainty that, at last, all relevant documents have been or will be produced.

### III. Conclusion

Accordingly, **IT IS ORDERED HEREIN:**

1. Plaintiffs' renewed motion to compel further discovery and for sanctions (Doc. 31) is **GRANTED** as further described below;

2. As a monetary sanction for the conduct of Defendant Scott Logan, which resulted in unnecessary additional discovery costs in this case, Defendant Scott Logan shall pay to Plaintiffs the sum of $6,613.06, as an expense reasonably incurred by the forensic computer experts.  However, because that award is towards the higher end of what the undersigned deems to be reasonable, no additional award will be made concerning attorney's fees;

3. Within ten (10) days of this Order, Defendant Scott Logan shall either produce any additional Elite-related documents and materials that have not previously been produced, or shall certify in writing that none exist;

4. Plaintiffs may re-depose Defendant Scott Logan within thirty (30) days at Defendants' expense.  However, the decision to redispose Dr. Logan shall not change any previously scheduled court deadline, including the February 14, 2014 deadline for the filing of dispositive motions, absent further motion and order by the presiding district judge.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

9